UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY | CIVIL ACTION NO. 09-396 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA PUBLIC SERVICE COMMISSION, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion for Reconsideration / Motion to Alter or Amend Judgment [Record Document 42], filed on behalf of the Plaintiff, Union Pacific Railroad Company ("Union Pacific"). Union Pacific moves for reconsideration of the Court's July 7, 2010 Memorandum Ruling and Order denying Union Pacific's Motion for Summary Judgment. See Record Documents 40-41. Union Pacific contends the Court's ruling was issued one week after the Louisiana Legislature enacted Act No. 858 and effectively amended Louisiana Revised Statute 48:394, thereby divesting this Court of jurisdiction over the issues presented in Union Pacific's motion. [Record Document 42]. Union Pacific requests the Court grants its motion for reconsideration, vacate the July 7, 2010 Memorandum Ruling and issue a new order denying Union Pacific's motion for summary judgment as moot. Id. In opposition, Defendants' assert Act 858 does not alter the process of "preclearance" challenged by Union Pacific in its motion for summary judgment and, therefore, that the challenged portions of the law remain unchanged. [Record Document 46].

As an initial matter, upon reviewing Union Pacific's motion for reconsideration, it appears to the Court that Union Pacific has misconstrued the Court's July 7, 2010

Memorandum Ruling and Order.  Union Pacific claims the "New Law, like the Old Law," should be analyzed under the "as applied" analysis in accordance with New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321 (5th Cir. 2008) and Franks Inv. Co. LLC v. Union Pacific RR Co., 593 F.3d 404 (5th Cir. 2010).  [Record Document 42, p.5].  But in the July 7, 2010 Memorandum Ruling and Order, after discussing the preemption analysis utilized in Barrois and Franks, the Court simply concluded that Louisiana Revised Statute 48:394 is not "categorically preempted" by the ICCTA because it "does not have the effect of managing or governing the operations of rail *transportation."* [Record Document 40 (italics in original) (citing Franks Inv. Co. LLC v. Union Pacific RR Co., 593 F.3d 404, 409-13 (5th Cir. 2010)].  The Court did not determine whether the Act is preempted "as applied" because Union Pacific had not sought summary judgment on that basis and because there was not a sufficient factual basis from which the Court could determine whether the Act "would have the effect of preventing or unreasonably interfering with railroad transportation." See CSX Transp., Inc.–Petition for Declaratory Order, STB Finance Docket No. 34662, 2005 WL 1024490, at *3 (S.T.B. May 3, 2005).  Thus, because the issue of "as applied" preemption has not yet been addressed by the Court, there is no decision that is capable of being "reconsidered" by the Court.

  Furthermore, to the extent Union Pacific is attempting to argue that the issue of categorical preemption was moot at the time the Court rendered its decision, such argument fails.  Where, as here, the plaintiff's claim is based on a statute that is amended after the litigation has commenced, the court must look to the impact of the amendment

to determine whether the plaintiff's claim has been mooted.[1]  See Nextel West Corp. v. Unity Township, 282 F.3d 257, 261-262 (3d Cir. 2002); Naturist Soc., Inc. v. Fillyaw, 958 F.2d 1515, 1520 (11th Cir. 1992) (citing Kremens v. Bartley, 431 U.S. 119, 135, 97 S.Ct. 1709, 1718, 52 L.Ed.2d 184 (1977)).  For example, where a law is amended so as to remove its challenged features, the plaintiff's claim "becomes moot as to those features." Naturist, 958 F.2d at 1520.  On the other hand, where the challenged features of the statute remain "substantially undisturbed," the plaintiff's claims are not moot and an "actual controversy" remains to be adjudicated by the court.  Id.; see also, Nextel West Corp., 282 F.3d at 262 ("an amendment does not moot the claim if the updated statute differs only insignificantly from the original"), and cases cited therein; Ciudadanos Unidos De San Juan v. Hidalgo County Grand Jury Com'rs, 622 F.2d 807, 824 (5th Cir. 1980) (recognizing that in those cases where a statutory amendment has been held to moot a controversy, the amendment is generally one which completely eliminates the harm of which plaintiffs complain).

Under its former version, La. R.S. § 48:394 required a railroad company to provide a written request to the Louisiana Public Service Commission ("LPSC") stating the reason the railroad company proposes to close a private rail crossing, La. R.S. § 48:394(A)(1), and such crossing could be closed only upon a determination by the LPSC that "closure or removal of such private crossing is necessary for safety and in the best interest of the

---

[1]Article III of the United States Constitution grants federal courts the power to adjudicate "all Cases" and "Controversies."  U.S. Const., Art. III, § 2, Cl. 1.  The "case or controversy" requirement must be satisfied "through all stages of federal judicial proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990).

public." La. R.S. § 48:394(C).  As a result of the amendment, a railroad company must now provide the LPSC a written request stating "the manner in which such private railroad crossing unreasonably burdens or substantially interferes with rail transportation," La. R.S. § 48:394(A)(1) (as amended by 2010 La. Sess. Law Serv. Act 858 (H.B. 1410)), and such crossing may be closed only if the LPSC determine that such crossing does in fact "unreasonably burden or substantially interfere with rail transportation."  See La. R.S. § 48:394(C) (as amended by 2010 La. Sess. Law Serv. Act 858 (H.B. 1410)).  Despite the amended language, Union Pacific's challenge to the Act based on categorical preemption remains unchanged.  In both its First Amended Complaint and its Second Amended Complaint, Union Pacific asserts the Act is completely preempted by the ICCTA as a regulation of rail transportation because it required "pre-clearance or permission from the LPSC" and that such a requirement "constitutes 'per se unreasonable interference with interstate commerce.'" [First Amended Complaint ¶ 20; Second Amended Complaint ¶ 23].

Accordingly, finding the issue of "as applied" preemption has not yet been addressed by the Court and that the issue of "categorical preemption" remains an actual controversy capable of being adjudicated,

**IT IS ORDERED** that Union Pacific's Motion for Reconsideration / Motion to Alter or Amend Judgment [Record Document 42] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of August, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE